**Brian C. Bevan**
Senior Attorney
FedEx – Legal

Federal Express Corporation
Commercial Litigation
1000 FedEx Drive
Moon Township, PA  15108

Mobile 412.852.2511
Office
Fax 412.859.5450
brian.bevant@fedex.com



August 19, 2025

*Via CM/ECF*

The Honorable Lewis J. Liman
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:     Motion for Entry of this Court's Model Protective Order**
         ***Leider Enterprises, Inc. v. Federal Express Corp. d/b/a FedEx, et al.*, 25-cv-2143-LJL (S.D.N.Y.)**

To The Honorable Lewis J. Liman:

The undersigned counsel represents the Defendants Federal Express. Corp. d/b/a FedEx and FedEx Freight ("FedEx Defendants") in the above-captioned matter. This letter is submitted under LCR 7.1(e) and this Court's Individual Practices in Civil Cases 1C., authorizing letter motions for requests for the entry of a protective order. The FedEx Defendants file this letter motion seeking the entry of this Court's Model Protective Order in this action.

Number of Previous Requests: This is the first request for entry of a protective order.

Meet and Confer: Counsel for the FedEx Defendants conferred with counsel for the Plaintiff, Leider Enterprises, Inc. ("Leider") over the phone. Leider's counsel would not consent to the entry of a protective order.

Reason for the Request:

The undersigned counsel provided a copy of a proposed protective order to Leider's counsel. He originally consented to it. He subsequently withdrew his consent. The undersigned counsel then sent Leider's counsel a proposed protective order identical to this Court's Model Protective Order for consideration. Leider's counsel would not consent to it either.

I.     Background

This case involves a claim for non-delivery of freight arising from the interstate transportation of goods in commerce. The plaintiff, Leider, alleges that it was the owner of goods to be transported from Los Angeles, California, for delivery in New York, New York. *See* Document ("Doc.") 44 at ¶ 26. Leider alleges that the FedEx Defendants and Norfolk Southern were engaged to transport certain pallets containing laptop computers from San Bernardino, California to Harrisburg, Pennsylvania. *Id.* at ¶¶ 12-16. Leider further alleges that approximately 1 ½ pallets, representing a portion of the shipment, was deficient and/or

The Honorable Lewis J. Liman
United States District Court Judge
**Re:    Motion for Entry of this Court's Protective Order**
***Leider Enterprises, Inc. v. Federal Express Corp. d/b/a FedEx, et al.*, 25-cv-**
**2143-LJL (S.D.N.Y.)**
P a g e | 2
August 19, 2025

did not reach their destination. *Id.* at ¶ 17. Leider alleges the lost or damaged laptops were valued at $146,023.00 wholesale or $162,764.92 retail. *Id.* at ¶ ¶ 22-23. Based on the loss or damage to the freight, Leider demands the $146,023.00 wholesale value plus consequential, punitive, and reputational damages, pre- and post-judgment interest, and the "costs and disbursements of this action." *Id.* at *ad damnum* clause. As part of its Initial Disclosures, the FedEx Defendants have gathered sixty-six (66) documents for production ("Initial Disclosures Documents"). Some of these documents contain confidential, sensitive, proprietary FedEx information that if publicly disclosed would cause harm to the business, commercial, and financial interests of the FedEx Defendants.

II.    Applicable Law

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(c) provides, "[u]pon motion by a party or the person from whom discovery is sought . . . for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A party seeking a protective order bears the burden of showing that the information it seeks to protect is confidential and that good cause exists for the issuance of the protective order. *See Schiller v. City of New York*, 2007 U.S. Dist. LEXIS 4285, 2007 WL 136149, at *2 (S.D.N.Y. Jan. 19, 2007); *Houbigant, Inc v. Development Specialists, Inc.*, 2003 U.S. Dist. LEXIS 12371, 2003 WL 21688243, at *2 (S.D.N.Y. July 21, 2003) (citing *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 143 (S.D.N.Y.)). The moving party must establish that good cause exists by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Application of Akron Beacon Journal*, 1995 U.S. Dist. LEXIS 5183, 1995 WL 236710, at *10 (S.D.N.Y. Apr. 20, 1995) (quotation marks and citations omitted). When deciding a motion for a protective order, the factors the court should consider include: "'(1) the extent to which information is known outside the business; (2) the extent to which information is known to those inside the business; (3) the measures taken to guard the secrecy of the information; and (4) the value of the information to the business and its competitors.'" *Houbigant, Inc.*, 2003 U.S. Dist. LEXIS 12371, 2003 WL 21688243, at *2 (quoting *Bank of New York*, 171 F.R.D. at 144). "[C]ourts 'grant confidential treatment under circumstances where[, as here,] material that would place a party at a competitive disadvantage [is] being used in public filings.'" *UNI-Systems, LLC v. United States Tennis Assoc., Inc.*, 17-CV-147 (KAM)(CLP), 2019 U.S. Dist. LEXIS 133717, at *11 (S.D.N.Y. Aug. 8, 2019) (quoting *New York v. Actavis*, 14-CV-7473, 2014 U.S. Dist. LEXIS 149327 (S.D.N.Y. Oct. 21, 2014)). "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing." *Id*. (granting motion to seal documents because they "could offer unfair economic advantage if provided to competitors").

The Honorable Lewis J. Liman
United States District Court Judge
**Re:     Motion for Entry of this Court's Protective Order**
**_Leider Enterprises, Inc. v. Federal Express Corp. d/b/a FedEx, et al._, 25-cv-**
**2143-LJL (S.D.N.Y.)**
P a g e | 3
August 19, 2025

### III.     Argument

#### A.  Good Cause Exists for the Entry of a Protective Order

A thorough consideration of the below factors that Courts in this District must consider in determining whether or not to issue a protective order compels one result: this Court should issue its Model Protective Order to protect the FedEx Defendants' proprietary, commercially and competitively sensitive information contained in the Initial Disclosures Documents.

##### i.       Extent to which information is known inside and outside the business

One of the Initial Disclosure Documents is a Customer Pricing Agreement entered into between FedEx Freight and the Plaintiff. As stated below, the Agreement was deemed confidential by the signing parties and included terms specific to the Agreement:

> Customer hereby agrees that the rates and charges contained in this Agreement are intended to be utilized only for Customer and that it will not allow the rates and charges contained herein to be used or utilized in any manner by any other customer, broker, freight forwarder, logistics and consulting organization or any other reseller of freight services. ….

> All information provided herein, including any attached pricing, whether in written or electronic format, is confidential and shall be held in strict confidence by all parties and may not be disclosed unless required by law. By accepting this information, Recipient(s) agrees not to post or publicly display the pricing. Recipient(s) also agrees that any discussions or negotiations regarding the attached pricing or any changes thereto (including but not limited to future pricing offerings) are also confidential and are pursuant to this provision of confidentiality.

Additional Initial Disclosure Documents include Bills of Lading and other FedEx Defendants' documents that contain some of the same sensitive information also contained in the Customer Pricing Agreement and/or personal financial information.

##### ii.      Measures to guard the secrecy of the information

The Agreement's confidentiality provision forbids the public dissemination of it and its contents.

##### iii.     Value of the information to the business and its competitors

The Initial Disclosures Documents contain sensitive, proprietary commercial data, including competitively strategic business information. The information is private and not publicly available. Particularly, the Documents contain pricing information that is unique to the FedEx Defendants, and is essential to it remaining competitive with other carriers.

The Honorable Lewis J. Liman
United States District Court Judge
**Re:     Motion for Entry of this Court's Protective Order**
          *Leider Enterprises, Inc. v. Federal Express Corp. d/b/a FedEx, et al.*, 25-cv-
          **2143-LJL (S.D.N.Y.)**
P a g e | 4
August 19, 2025

Disclosure of this information would expose the FedEx Defendants to the significant risk of losing its competitive advantage by allowing competitors to learn about their unique pricing methodologies and processes. Thus, the FedEx Defendants have an extremely high proprietary and competitive interest in maintaining the confidentiality of some of the content of the Initial Disclosures Documents.

IV.     Conclusion

For the foregoing reasons, the FedEx Defendants have established good cause for this Court to issue its Model Protective Order to protect their commercially sensitive documents. Accordingly, the FedEx Defendants respectfully request that the Court issue a protective order in this action identical to its Model Protective Order that contains protections for confidential information.

Respectfully submitted,

**Federal Express Corporation**

/s/ Brian C. Bevan
Brian C. Bevan, Esquire
Senior Attorney, Litigation

cc: All counsel of record (via ECF)